IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

REBECCA ANN BARKLEY,

    Plaintiff,

v.                                            09-1163-JTM

MICHAEL J. ASTRUE
Commissioner of Social Security
Administration

MEMORANDUM AND ORDER

Presently before this court is plaintiff Rebecca Ann Barkley's (Barkley) petition for review of a final decision of the Commissioner of Social Security (Dkt. No. 7). For the following reasons, this court denies the appeal and affirms the decision of the ALJ.

I. Background

On January 14, 2005, Barkley filed an application for disability insurance benefits, which was denied initially and on reconsideration. After a hearing, the Administrative Law Judge ("ALJ") Robert J. Burbank found that Barkley was not disabled under section 216(i) and 223(d) of the Social Security Act ("the Act"). On March 27, 2009, the Appeals Council of the Social Security Administration denied Barkley's request for review, rendering the ALJ's decision final. Barkley then timely filed a complaint with this court.

Barkley claims that the evidence of the record shows that she suffers from impairments of such severity and duration as to constitute a disability within the meaning of the Act, which would entitle her to Social Security disability benefits. Specifically, she contends that the ALJ failed to: (1) give proper weight to the opinion of Dr. Albarracin, Barkley's treating physician; (2) properly

derive a residual functional capacity ("RFC") under Social Security Ruling ("SSR") 96-8p; and (3) perform a proper analysis at step four, as required by SSR 82-62.

The medical evidence and hearing testimony are fully set forth in the ALJ's decision, which is incorporated herein. To summarize briefly, Barkley claims that she became disabled on June 21, 2003, due to back and neck (degenerative disc disease of the lumbar spine status post disc replacement) problems. Nevertheless, the ALJ found that Barkley had not been disabled within the meaning of the law. Further, the ALJ noted that Barkley had not engaged in substantial gainful activity since June 21 2003, but that she had the RFC to perform past relevant work as a sealer. The ALJ concluded that Barkley did not have an impairment or combination of impairments that meets one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

## II. Legal Standard

This court's review is guided by the Social Security Act, which provides, in part, that the "findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Accordingly, the court must determine whether the factual findings of the Commissioner are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard. *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir.2001). Substantial evidence is more than a scintilla, but less than a preponderance; in short, it is such evidence as a reasonable mind might accept to support the conclusion. *Castellano v. Sec'y of Health and Human Servs.*, 26 F.3d 1027, 1028 (10th Cir.1994); *Gossett v. Bowen*, 862 F.2d 804 (10th Cir. 1988). The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *White*, 287 F.3d at 905 (quoting *Casias v. Sec'y of Health and Human Serv.*, 933 F.2d 799, 800 (10th Cir.1991)).

An individual is under a disability only if that individual can "establish that she has a physical or mental impairment which prevents her from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months." *Brennan v. Astrue*, 501 F. Supp. 2d 1303, 1306-07 (D. Kan. 2007) (citing 42 U.S.C. § 423(d)). The impairment must be severe enough that she is unable to perform her past relevant work, and further cannot engage in other substantial gainful work existing in the national economy, considering her age, education, and work experience. *Barnhart v. Walton*, 535 U.S. 212, 217-22 (2002); 20 C.F.R. § 416.920 (2005).

Pursuant to the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004); 20 C.F.R. § 404.1520(a) (2003). The steps are followed in order, and if it is determined that the claimant is or is not disabled at a step of the evaluation process, evaluation under a subsequent step is unnecessary.

The first three steps require the Commissioner to assess whether claimant has engaged in substantial gainful activity since the alleged onset of the disability, whether she has severe impairments, and whether the severity of her impairments meets or equals a specific list of impairments. *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988). If the impairment does not meet or equal a listed impairment, the ALJ must determine the claimant's RFC, which is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments. 20 C.F.R. § 416.920(e).

Upon assessing the claimant's RFC, the Commissioner can then move on to steps four and five, which require assessing whether the claimant can perform her past relevant work and whether

3

she can generally perform other work in the national economy. *Williams*, 844 F.2d at 751. The claimant bears the burden throughout steps one through four to prove a disability that prevents performance of past relevant work. *Dikeman v. Halter*, 245 F.3d 1182, 1184 (10th Cir. 2001). The burden then shifts to the Commissioner at step five to show other jobs in the national economy that are within the claimant's capacity to perform. *Haddock v. Apfel*, 196 F.3d 1084, 1088 (10th Cir. 1999).

### III. Analysis

Barkley claims that the ALJ improperly dismissed the opinion of one of her treating physicians, Dr. Albarracin, failing to provide specific, legitimate reasons for doing so. She also maintains that even if Dr. Albarracin's opinion is not entitled to controlling weight, the ALJ cannot completely reject the treating physician's opinion. Specifically, Barkley maintains "the ALJ was not entitled to completely reject the opinion . . . he was obligated to consider what lesser weight the opinion should be given, using all of the relevant factors set forth in 20 C.F.R. § 404.1527 and 20 C.F.R. § 416.927." (Dkt. No. 7 at 27).

The Commissioner responds that Dr. Albarracin's opinion was not entitled to significant weight because it was inconsistent with other medical findings, and was unsupported by the objective diagnostic test results in the record. Thus the Commissioner argues that the ALJ gave specific, legitimate reasons for giving Dr. Albarracin's opinions little weight. (Dkt. No. 13 at 11).

A treating physician's opinion is not dispositive on the ultimate issue of disability. *See White v. Massanari,* 271 F.3d 1256, 1259 (10th Cir. 2001) (citing *Castellano v. Sec'y of Health and Human Servs.,* 26 F.3d 1027, 1029 (10th Cir.1994)). However, the ALJ's decision must be "sufficiently

specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Watkins v. Barnhart,* 350 F.3d 1297, 1300 (10th Cir. 2003). The opinion of a treating physician "may be rejected if his conclusions are not supported by specific findings." *Castellano,* 26 F.3d at 1029. When a treating physician's opinion is not given controlling weight, reasons for that determination should be given. 20 C.F.R. § 404.1527(d)(3).

The Commissioner maintains that "the ALJ apparently gave substantial weight to the opinions of treating sources Abay and Stein as he found that he agreed with their opinions that Plaintiff can perform a range of light work." (Dkt. No. 13 at 7). A treating specialist is entitled to more weight than other treating source physicians. *See* 20 C.F.R. §§404.1527(d)(5), 416.927(d)(5); *Davis v. Apfel*, 40 F.Supp.2d 1261, 1268 (D.Kan.1999). The record supports a finding that Abay and Stein were specialists, while Albarracin was not, and the court notes that Barkley did not dispute this in her reply. (*See* Dkt. No. 14). Barkley alleges the "ALJ fails to specify what weight, if any, the opinion of Dr. Albarracin was given," and "it appears that Dr. Albarracin's opinion was entirely rejected as none of the specific limitations found in the Medical Source Statement completed by Dr. Albarracin are incorporated in the ALJ's RFC." (Dkt. No. 14 at 3).

After carefully reviewing the record, the court finds that the ALJ gave Dr. Albarracin's opinions proper consideration. The record is clear that the ALJ found that Dr. Albarracin's opinions were not entitled to controlling weight for a number of reasons. For example, the ALJ explained that although Dr. Solo was unable to reproduce any of the pain Barkley alleged, she continued to receive pain medication from Dr. Albarracin. (Dkt. No. 6 at 23). Also, the ALJ noted that Dr. Albarracin provided Barkley with a residual functional assessment for less than sedentary work in May 2007,

but that was given little weight as it appeared to be completed at Barkley's request based on her subjective complaints with no medical support in the record. (*Id*.). The ALJ found that Dr. Albarracin's records were inconsistent with a September 2007 and November 2007 report that indicated that Barkley did well on medication without the limitations that Dr. Albarracin requested. (*Id.*) As such, the court finds that the ALJ's decision to give Dr. Albarracin's, one of the treating physicians, opinion lesser weight is supported by substantial evidence.

Barkley's next assertion is that the ALJ failed to properly derive a RFC under SSR 96-8p. (Dkt. No. 7 at 28). She maintains that "[t]he ALJ's RFC is not explicitly related to any specific medical evidence or testimony, nor did the ALJ provide any type of reasonable narrative discussion as to how the medical evidence supports his arbitrary conclusions." (*Id*.).

The Commissioner maintains that the ALJ did link his findings to medical evidence, including the medical evidence from a number of Plaintiff's treating physicians and to the medical opinion of a reviewing medical consultant. (Dkt. No. 13 at 11). The Commissioner also points out that the ALJ found Barkley's complaints were not fully credible, and that she did not raise any argument against this finding. (*Id*.). The court notes that Barkley never contests the credibility finding. (*See* Dkt. Nos. 7 & 14).

RFC is what an individual can still do despite his or her limitations. SSR 96-8p, 1996 WL374184 at 2. The ALJ must determine whether the RFC is supported by substantial evidence in the record. *Cowan v. Astrue,* 552 F.3d 1182, 2008 WL 5459599 (10th Cir.2008); *see* 20 C.F.R. § 404.1546. Further, "although the record must demonstrate that the ALJ considered all of the evidence, the ALJ is not required to discuss every piece of evidence." *Davis v. Apfel,* 40 F.Supp.2d 1261, 1267 (D.Kan.1999). The ALJ notes that in September and November 2007, the reports

indicated that Barkley did well on medication without limitations, and that the evidence as a whole indicates the ability to do greater than sedentary work. (Dkt. No. 6 at 23). The ALJ's opinion also specified that treating sources, Dr. Abay and Dr. Stein, limited Barkley to a range of light work as opposed to sedentary work, and that was consistent with the treatment notes of Dr. Moskowitz and Dr. Landers. (Dkt. No. 6 at 23-24). The ALJ gave sufficient reasons for finding that Barkley could perform a range of light work. The court finds no error in the ALJ's RFC determination based on the evidence as a whole in the record.

Finally, Barkley maintains that it was error when "the ALJ failed to make specific findings at phase two of step four regarding the physical and/or mental demands of her past work." (Dkt. No. 7 at 32). Barkley concedes that if the ALJ had made findings at step five, the error made at step four would have been deemed harmless error. (Dkt. No. 7 at 33).

The Commissioner alleges that the ALJ's findings were supported by the vocational expert testimony. (Dkt. No. 13 at 12). The record reflects that the vocational expert: 1) testified that the job as a sealer is light, semi-skilled work; 2) provided the Dictionary of Occupational Titles description of the job of sealer; and 3) testified that an individual with Barkley's age, education, background, and the RFC set out in Exhibit 10 could perform Barkley's work as a sealer. (Dkt. No. 13 at 12-13; Dkt. No. 6-1 at 75; Dkt. No. 6-3 at 78). The record supports the ALJ's finding that Barkely was capable of performing her past relevant work as a sealer.

The Commissioner and Barkley agree that if the ALJ made findings at step five, any error made at step four would have been harmless. (Dkt. No. 7 at 33; Dkt. No. 13 at 13). Barkley maintains that there was no testimony by the vocational expert indicating any other jobs that Barkley could perform under the hypothetical listed in the decision. (Dkt. No. 14 at 5). However, the

7

Commissioner maintains that the vocational expert's testimony was that a hypothetical individual who could perform only sedentary work and who needed to be able to alternate sitting and standing every 20 to 30 minutes could perform the job of surveillance system monitor. (Dkt. No. 13 at 13). The court agrees that the record confirms that testimony. (*See* Dkt. No. 6-3 at 78-79). While the hypothetical addressed an individual who was *sedentary*, which is what Barkley maintained she was, the ALJ found Barkley would be able to perform *light work*. (*See* 20 C.F.R. §§ 404.1567(a) and (b) (social security regulations define sedentary and light work)).

Although Barkley's contention is unclear, the court believes she is arguing that the testimony only addressed what a more limited individual can do. The court finds that argument unpersuasive because if a person who is more limited in functioning can perform the job of surveillance system monitor, then a person who is less limited in functioning can perform that position as well. The court finds that the ALJ did not commit error in the findings regarding the physical and/or mental demands of Barkley's past work.

In sum, the ALJ's finding is supported by substantial evidence in the record, and the decision is hereby affirmed.

IT IS ACCORDINGLY ORDERED this 28th day of July, 2010, that the present appeal is hereby denied.

  s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE